# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID D. PALMER,

 Petitioner,

vs.

MAGGIE BRADSHAW, Warden,
Richland Correctional Institution,

 Respondent.

Case No. 3:10cv00078

District Judge Walter Herbert Rice
Magistrate Judge Sharon L. Ovington

## REPORT AND RECOMMENDATIONS[1]

### I. Introduction

Petitioner David D. Palmer is an inmate in state custody in the Richland Correctional Institution in Mansfield, Ohio pursuant to a criminal judgment of conviction and sentence entered against him in the Montgomery County, Ohio Court of Common Pleas. (Doc. #1 at 1). Palmer brings this case pro se seeking a Writ of Habeas Corpus under 28 U.S.C. §2254. He claims, in general, that his incarceration is in violation of his rights under the United States Constitution.

The case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Reference.

The case is before the Court for preliminary review of Palmer's habeas Petition and attached exhibits and documents pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 instructs, in part, "If it plainly appears from the petition and any

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See Brooks v. Capello*, 2009 WL 1010978 at *1 (W.D. Mich. 2009) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(district court has the duty to "screen out" petitions that lack merit on their face).

II. **Discussion**

Palmer initially filed his present habeas Petition in the United States District Court for the Northern District of Ohio. The District Court transferred the Petition to this judicial district finding it a more convenient forum because Palmer's convictions arose from criminal proceedings in Montgomery County, Ohio. (Doc. #4). No preliminary review of Palmer's Petition has yet occurred.

In April 1995 Palmer pled no contest to two counts of rape of a person under age thirteen. (Doc. #1 at 1 and attached Exhibits). He thereafter unsuccessfully challenged his convictions in the Ohio courts. *See* Doc. #1 at 2-5.

In early 2003 Palmer filed his first Petition for Writ of Habeas Corpus in this Court. *David Dayton Palmer v. Warden, Richland Correctional Institution*, Case No. 3:03cv00086 (S.D. Ohio)(Rice, D.J.; Merz, M.J). Because Palmer's name is somewhat common, and to confirm his identity, the undersigned has carefully reviewed the inmate number in his first case (#329601) and finds it identical to the inmate number (#329601) in the present case. These two habeas Petitions were therefore filed by the same Petitioner.

Palmer's first habeas Petition was dismissed with prejudice as barred by applicable statute of limitations. *See David Dayton Palmer v. Warden, Richland Correctional Institution*, Case No. 3:03cv00086 at Docs. 8, 10, 13, 19, 20.

Although Palmer checked a box in his present habeas Petition indicating he has not filed a prior federal Petition regarding his convictions, *see* Doc. #1 at 12, it plainly

2

appears that this is the second habeas Petition he has filed in this Court challenging his Judgment of conviction in the Montgomery County, Ohio Court of Common Pleas. Because his first Petition was dismissed with prejudice as barred by the applicable statute of limitations, his present Petition constitutes a second or successive habeas Petition. He therefore cannot proceed in this Court without first obtaining an Order from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. §2244(b)(3).

Accordingly, this case should be dismissed with instructions for Palmer to apply to the United States Court of Appeals for the Sixth Circuit for an Order authorizing this Court to further consider his present Petition. *See* 28 U.S.C. §2244(b)(3).

**IT IS THEREFORE RECOMMENDED THAT:**

1. David D. Palmer's Petition for Writ of Habeas Corpus (Doc. #1) be DISMISSED with instructions to Petitioner to apply in the United States Court of Appeals for the Sixth Circuit for an Order authorizing this Court to further consider his present Petition; and

2. The case be terminated on the docket of this Court.

March 4, 2010

                s/ Sharon L. Ovington
                 Sharon L. Ovington
               United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).